IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02379-BNB

CLINTON T. ELDRIDGE,

    Applicant,

v.

R. WILEY, Warden,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
COLORADO

JAN 1 0 2007

GREGORY C. LANGHAM
CLERK

---

ORDER CONSTRUING HABEAS ACTION AS *BIVENS* ACTION, AND DIRECTING APPLICANT TO FILE A PRISONER COMPLAINT AND A PRISONER'S MOTION AND AFFIDAVIT FOR LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

---

Applicant Clinton T. Eldridge is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum in Florence, Colorado. Mr. Eldridge has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994) and a supporting brief. On November 29, 2006, the Court granted Mr. Eldridge leave to proceed pursuant to 28 U.S.C. § 1915 (Supp. 2006) in a habeas corpus action.

The Court has reviewed the habeas corpus application and find that Mr. Eldridge is asserting civil rights claims concerning his conditions of confinement, not habeas corpus claims. Mr. Eldridge alleges that he suffers from medical conditions that require his placement in a handicap-accessible cell and facility. He asks to be transferred to a facility that is less restrictive and that can provide him with the necessary care and accommodations for his disabilities.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

The Court will construe the application liberally as asserting civil rights claims pursuant to *Bivens*. The clerk of the Court will be directed to mail to Mr. Eldridge the appropriate form for filing a Prisoner Complaint. Mr. Eldridge will be ordered to complete the complaint form and submit the completed complaint to the Court if he wishes to pursue his claims. Mr. Eldridge should name as defendants the individuals who allegedly violated his rights.

In addition, the November 29, 2006, order granting Mr. Eldridge leave to proceed pursuant to 28 U.S.C. § 1915 in a habeas corpus action will be vacated. Because the Court has determined that this action properly is construed as a *Bivens*-type civil rights action, Mr. Eldridge will be required to pay the $350.00 filing fee. **See** 28 U.S.C. § 1915. Therefore, Mr. Eldridge also will be ordered to submit the $350.00 filing fee or, if he is unable to pay the entire balance at this time, to submit within thirty days a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court already is in receipt of the certified copy of his trust fund account statement he submitted on November 15, 2006, as required pursuant to 28 U.S.C. § 1915(a)(2). If

leave to proceed pursuant to § 1915 is granted, Mr. Eldridge will be allowed to pay the balance of the filing fee in monthly installments. *See* 28 U.S.C. § 1915(b).

Mr. Eldridge asks the Court to waive the requirement that he exhaust the BOP's three-step, administrative-grievance procedure as to his claims. Pursuant to 42 U.S.C. § 1997e(a) (2003), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Mr. Eldridge is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions.

Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Eldridge must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e also requires that Mr. Eldridge properly exhaust his administrative remedies, which includes following all procedures set forth in a prison grievance system. *Woodford v. Ngo*, 126 S. Ct. 2378 (2006).

Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr.

Eldridge has failed to exhaust administrative remedies for any claim, the entire complaint must be dismissed. In the complaint he will be directed to file, Plaintiff either must attach copies of his administrative proceedings or describe their disposition with specificity. Accordingly, it is

ORDERED that this habeas corpus action filed pursuant to 28 U.S.C. § 2241 is construed as a civil rights action filed pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). It is

FURTHER ORDERED that the clerk of the Court change the docket record to reflect the proper nature of this action. It is

FURTHER ORDERED that **within thirty (30) days from the date of this order** Mr. Eldridge shall complete and file a Prisoner Complaint with the Court. It is

FURTHER ORDERED that **within thirty (30) days from the date of this order** Mr. Eldridge, if he desired to proceed *in forma pauperis*, shall complete and file with the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Alternatively, he may pay the $350.00 filing fee. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Eldridge two copies of the Court-approved forms for submitting a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that the Court's November 29, 2006, order is vacated to the extent that it granted Mr. Eldridge leave to proceed pursuant to 28 U.S.C. § 1915 in a habeas corpus action. It is

FURTHER ORDERED that the Court will not review the merits of Mr. Eldridge's claims until he has complied with this order. It is

FURTHER ORDERED that if Mr. Eldridge fails **within thirty (30) days from the date of this order** to comply with this order to the Court's satisfaction, the action will be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED January 10, 2007, at Denver, Colorado.

                                  BY THE COURT:

                                  s/ Boyd N. Boland
                                  United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02379-BNB

Clinton Eldridge
Reg. No. 00545-000
ADX - Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint** to the above-named individuals on 1/10/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk